street in repair. In the case of Porter v. Village of Attica, 33 Hun, 605, it was held, in substance, that the fact of public user may constitute acceptance without formal action of the constituted authorities, and that, therefore, a municipality would be liable for an accident occurring upon such street precisely the same as if it had been formally accepted by the municipality. It seems to me illogical that an owner of private property may open a way over the same for the traveling public connecting with two principal streets in a city, and sell his property abutting upon such street in such manner as that between him and his grantees the same must be always kept open as a street, make application that he and his grantees be furnished water by such municipality, declare to his neighbors that the street in question is a public street, and then may be heard to claim that it is not such because of signs erected thereon many years before declaring that such street was private property.

All the facts and circumstances disclosed by the evidence in this case made the question of dedication one of fact, and we are not prepared to say that the finding of the referee that such dedication had been consummated prior to the commencement of this action is contrary to or against the weight of the evidence. It follows that the judgment appealed from should be affirmed, with costs.

Judgment affirmed, with costs. All concur.

---

(121 App. Div. 487.)

O'NEIL v. NEW YORK & Q. C. RY. CO.

(Supreme Court, Appellate Division, Second Department. October 4, 1907.)

CARRIERS—CARRIAGE OF PASSENGERS—ACTIONS FOR PERSONAL INJURIES—INSTRUCTIONS—ABSOLUTE DUTY TO CARRY SAFELY.

In an action against a street railway company for injuries to a passenger, it was error to charge that the company was bound to carry plaintiff safely.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, §§ 1085–1106.]

Appeal from Municipal Court.

Action by Margaret O'Neil against the New York & Queens County Railway Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before WOODWARD, JENKS, HOOKER, RICH, and GAYNOR, JJ.

Van Vechten Veeder and Nathaniel S. Corwin, for appellant.
M. P. O'Connor and Geo. F. Hickey, for respondent.

GAYNOR, J. The plaintiff was hurt by the negligence of the defendant while it was carrying her as a passenger in its street car, as it is claimed. The trial justice persisted in charging the jury that the company was bound to carry her safely.

The judgment should be reversed.

Judgment of the Municipal Court reversed, and new trial ordered; costs to abide the event. All concur.